IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>vs.<br><br>Melissa Ann Booth,<br><br>                              Defendant. | Case No. 1:25-cr-00050 |

ORDER DENYING WITHOUT PREJUDICE MOTION TO STRIKE

[¶ 1]    THIS MATTER comes before the Court on the Motion to Strike Prior Conviction Enhancement filed by the Defendant on August 29, 2025. Doc. No. 40. The United States filed a Response on September 15, 2025. Doc. No. 43. The Defendant filed a Reply on September 29, 2025. Doc. No. 51. The United States filed a Sur-Reply on October 3, 2025. Doc. No. 54. The Defendant filed a Response to the United States's Sur-Reply on October 8, 2025. Doc. No. 55. For the reasons set forth below, the Defendant's Motion is **DENIED without prejudice**.

[¶ 2]    The Defendant asks the Court to strike her prior conviction for Possession of a Controlled Substance with Intent to Deliver – Methamphetamine as alleged in the Indictment. Doc. No. 40. She argues North Dakota's definition of methamphetamine is categorically broader than the federal definition and thus ineligible for qualifying as a prior offense under 21 U.S.C. § 841(b)(1)(A).

[¶ 3]    The process for challenging prior convictions is set forth in 21 U.S.C. § 851. If a penalty will be increased more than three years, the prosecution must include the prior conviction in the Indictment as was done in this case. 21 U.S.C. § 851(a)(2); Doc. No. 1, p. 5. It is not until after conviction but before sentencing that the Court must inquire whether the Defendant affirms or

denies the prior conviction. Id. § 851(b). Any challenge not brought before sentencing is effectively waived. Id.; see also id. § 851(c)(2). Upon a denial of the prior conviction, the Court holds a hearing to determine whether the United States has proved the prior conviction beyond a reasonable doubt. Id. § 851(c)(1).

[¶ 4] Currently, the Defendant has neither pled nor been found guilty in this case. Under § 851, therefore, her motion is premature and must be refiled at the appropriate time. Upon refiling, however, several significant issues need to be addressed.

[¶ 5] First, the United States raises the issue of which interpretive approach applies: categorical or modified categorical approach. The Defense does not adequately address whether the statute is divisible and which approach applies.

[¶ 6] Second, N.D.C.C. § 19-03.1-23(1) provides a general prohibition on the delivery, manufacturing, or possessing with intent to deliver or manufacture controlled substances generally. However, N.D.C.C. § 19-03.1-23(1) can be broken down into two subsections. Subsection (a) relates to "controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine." Subsection (b) relates to the remaining controlled substances in schedules I, II, or III. If the modified categorical approach applies, the Parties do not address, given the offset by the comma between "narcotic drug" and "methamphetamine" in subsection (a), whether North Dakota's statute pertains to methamphetamine in its ordinary meaning or as set forth in N.D.C.C. § 19-03.1-07(5)(c). See Buckley, 146 F.4th at 681 ("There's no reason to believe that Arkansas intended to define "cocaine" as used in §§ 5-64-420 or 5-64-422 by incorporating Arkansas's drug scheduled, as opposed to giving cocaine its ordinary meaning.").

[¶ 7] Third, N.D.C.C. § 19-03.1-23(1) prohibits possession with intent to distribute or manufacture controlled substances. North Dakota's controlled substances act defines "controlled

substance" as "a drug, substance, or immediate precursor in schedules I through V as set out in this chapter." N.D.C.C. § 19-03.1-01(6). The Parties do not clearly address whether North Dakota's inclusion of methamphetamine in § 19-03.1-23(1)(a) incorporates methamphetamine as set out in North Dakota's drug schedules due to the definition of controlled substance. See Buckley, 146 F.4th at 682 ("The text and structure of Arkansas's drug statutes are what distinguishes this case from others where we've held that state drug statutes were overbroad. In each of these cases, the defendant's conviction specifically alluded to broadly worded definitions of drugs found in drug schedules or elsewhere." (citations omitted)).

[¶ 8] Fourth, the Parties seem to suggest her conviction falls under subsection (a) of N.D.C.C. § 19-03.1-23(1), but the Second Amended Information specifically indicates subsection (b). Doc. No. 43-4 (citing "N.D.C.C. §§ 19-03.1-23(1)(b), 19-03.1-07(5)(c), 19-03.1-23.1(1)(a)."). If the modified approach applies, and her conviction is under subsection (b), the Court is bound by North Dakota's definition of "controlled substance." See Buckley, 146 F.4th at 682. This issue is not addressed by the Parties.

[¶ 9] Accordingly, the Defendant's Motion to Strike Prior Conviction is **DENIED without prejudice**.

[¶ 10] **IT IS SO ORDERED.**

DATED December 17, 2025.

Daniel M. Traynor, District Judge
United States District Court